```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

SYBLE DALE HIGH, as Personal    }
Representative of the Estate    }
of VERNIE H. DALE, deceased,    }
                                }     CIVIL ACTION NO.
     Plaintiff,                 }     09-AR-0889-S
                                }
v.                              }
                                }
WAL-MART STORES, INC, et al.,   }
                                }
     Defendants.                }
```

**<u>MEMORANDUM OPINION</u>**

The court has before it the motion of plaintiff, Syble Dale High, as Personal Representative of the Estate of Vernie H. Dale, deceased, to remand the above-entitled action that was removed to this court to this court by defendants, Actavis, Inc, Actavis Totowa, LLC, Myland Pharmaceuticals, Inc. and UDL Laboratories, Inc., under 28 U.S.C. § 1332. The citizenship of the removing defendants is diverse from that of plaintiff. The removing defendants assert in their notice of removal that defendant, Melissa Jaffe, who shares citizenship with plaintiff, was fraudulently joined and therefore can be ignored for the purposes of determining diversity. Neither Melissa Jaffe, who is admittedly not diverse, nor defendant, Wal-Mart Stores, Inc., which is admittedly diverse, joined in the notice of removal. Neither of said defendants had been served at the time the removal took place.

The only issue is whether a colorable claim has been stated against Jaffe, the pharmacist who, while employed by Wal-Mart,

dispensed the medication complained about. Although for the purposes of discharging the unavoidable obligation of determining subject-matter jurisdiction, the court has deemed Jaffe to have filed a motion to dismiss pursuant to Rule 12(b)(6), Jaffe and Wal-Mart Stores, Inc. have, after the removal, filed a joint motion to dismiss. The court could lawfully address Wal-Mart's motion only if the court has subject-matter jurisdiction. Jaffe's motion to dismiss is a harmless redundancy.

The court finds that the complaint does state a colorable claim against Jaffe, whose citizenship is not diverse. For this reason, the court lacks subject-matter jurisdiction and by separate order the motion to remand will be granted.

DONE this 19th day of June, 2009.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE